Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail: attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, Samuel Serrato IV

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **Samuel Serrato IV,** | | |
| | Plaintiff, | **Case #** |
| V | | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Fairlife, LLC** | | |
| | | |
| Defendant. | | |

Plaintiff Samuel Serrato,   by and through Elizabeth D. Tate, his   undersigned counsel of record, and submits this Complaint for relief and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

## 1. Plaintiff's Four Claims

1. **Wrongful Constructive Termination A.R.S. § 23-1502**

1

2. **Retaliation for Seeking Workers' Compensation Benefits A.R.S. § 23-1501(3) (c )**

3. **Negligence**

4. **Negligence Per Se (OSHA violations as standard of care)**

## 2. The Parties Jurisdiction and Venue

5. The Plaintiff, Samuel Serrato IV,  "Serrato" and has been always material to this Complaint, an adult resident of Maricopa County, Arizona.

6. Always material to this Complaint, Serrato  has been:

   (A)  An employee of Defendant Fairlife, LLC.

7. Defendant, Fairlife  LLC, has always been material to this Complaint:

   (A) a foreign LLC manufacturing milk and protein shakes.

8. All events alleged herein occurred within the State of Arizona.

9. This Court has personal jurisdiction over the parties based upon the foregoing facts.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds, $75,000.00.

11. This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391 because the events giving rise to the action occurred in Arizona and Defendant conducts business in this District.

## 3. General Fact Allegations

12. Fairlife, LLC  hired Serrato on May 19, 2025.

13. On July 17, 2025, Plaintiff was struck in the head by a dislodged pipe after a

2

coworker pressed a malfunctioning button.

14. Fairlife, LLC knew that the machine was defective. The same malfunction had previously injured two other employees.

15. Serrato was bleeding and requested medical attention.

16. Fairlife LLC's supervisors – including Robert Sanchez and Kevin Molina – refused to provide timely medical treatment.

17. Upon arriving, Molina interrogated Serrato instead of arranging medical care.

18. Serrato was never told that medical treatment would be covered under workers' compensation.

19. Instead Serrato was told he "looked fine" and was ordered to take a drug test.

20. By 10:00 p.m., Serrato still had not received any medical care.

21. Serrato was required to sign a document -   later revealed to be a waiver or release – before being allowed to leave.

22. On his way out, another supervisor, identified as Alex, stated that Serrato "could not sue Fairlife" because of the waiver.

23. Serrato was forced to drive himself home while injured.

24. Serrato took two days to recover.

25.  When Serrato returned, supervisors avoided Serrato, created a hostile environment and treated him as a problem rather than an injured employee.

26. Serrato told his supervisor that he did not feel safe.

3

27. Rather than correcting the issues or ensuring his safety, Fairlife, LLC allowed the hostile environment to continue.

28. Serrato was forced to resign constituting constructive termination.

29. Serrato reported the injury to HR. HR stated that they were "investigating" but nothing changed.

30. Serrato subsequently filed a workers' compensation claim.

31. Fairlife, LLC's actions were retaliatory, malicious, willful and in conscious disregard for Serrato's rights and safety.

### Count 1 - Wrongful Constructive Termination A.R.S. § 23-1502

32. Plaintiff incorporates all preceding paragraphs.

33. Arizona law recognized constructive discharge where an employer creates intolerable working conditions that would compel a reasonable person to resign.

34. Fairlife, LLC's actions created such intolerable conditions, including:

    a. Refusing medical treatment after a workplace injury.

    b. Coercing Serrato into signing a waiver.

    c. Creating a hostile environment upon Serrato's return.

    d. Avoiding him, isolating him and ignoring his safety concerns.

    e. Failing to remedy known workplace hazards.

35. Serrato expressly informed Fairlife, LLC that he did not feel safe returning.

36. Fairlife, LLC took no corrective action.

37. Serrato had no reasonable choice but to resign.

4

38. Fairlife, LLC's conduct constitutes constructive discharge under A.R.S. § 23-1502 (c ) (iii), as it was connected to Serrato's intent to see worker's compensation benefits.

39. Serrato suffered lost wages, lost earning capacity, emotional distress, reputational harm and other damages.

**Count 2 - Retaliation for Seeking Workers' Compensation Benefits A.R.S. § 23-1501(3) (c )**

40. Serrato incorporates all preceding paragraphs.

41. Plaintiff engaged in protected activity by:

    a. Reporting an industrial injury

    b. Requesting medical treatment

    c. Intending to file and ultimately filing a workers' compensation claim

42. Fairlife, Inc. retaliated against Plaintiff by:

    a. Delaying medical treatment

    b. Coercing him into signing a waiver

    c. Forcing him to take a drug test before treatment

    d. Creating a hostile environment

    e. Isolating him and discouraging him from continuing employment

43. Fairlife, LLC's conduct, violated Serrato's rights under the Worker's Compensation Act

44. Defendant's retaliatory conduct was a substantial factor in Plaintiff damages.

**Count 3 Negligence**

45. Serrato incorporates all preceding paragraphs.

46. At all relevant times, Fairlife, LLC owed Serrato a duty to provide a reasonably safe workplace; to maintain machinery and equipment in safe operating condition; to provide prompt medical care for workplace injuries; to adequately train, supervise, and monitor its employees; and to exercise reasonable care to protect Plaintiff from foreseeable harm.

47. Fairlife, LLC  knew or should have known that the button and pipe assembly that struck Plaintiff on July 17, 2025, were malfunctioning and posed a substantial risk of injury. The same defect had previously injured at least two other employees, putting Fairlife, LLC on actual notice of the hazardous condition.

48. Despite this knowledge, Fairlife, LLC failed to repair the defective equipment, failed to remove the equipment from use, failed to implement proper lock-out/tag-out procedures, and failed to warn employees, including Serrato, of the danger.

49. Fairlife, LLC further breached its duty of reasonable care by failing to provide prompt medical attention to Serrato after he suffered a head injury. Serrato was visibly bleeding, requested medical care and was entitled to immediate treatment.

50. Instead of arranging medical evaluation or transporting Serrato to Concentra or a hospital, Serrato's supervisors delayed treatment, interrogated Serrato about the incident, and prioritized a drug test over his health and safety.

51. Fairlife, LLC compounded its negligence by requiring Serrato to sign a document, later revealed to be a release or waiver, before permitting him to leave

6

the workplace, despite his injured condition. This conduct unreasonably endangered Serrato and demonstrated a reckless disregard for his well-being.

52.  Fairlife, LLC also breached its duty failing to train its supervisory personnel including Robert Sanchez,   Kevin Molina and a supervisor identified as "Alex", on proper workplace injury procedures, reporting requirements, hazard recognition, and emergency medical response.

53.  Fairlife, LLC further acted negligently by allowing a workplace culture in which safety complaints were ignored, injuries were minimized, and employees who suffered industrial injuries were discouraged from seeking or reporting medical care.

54.  Fairlife, LLC acts and omissions created an unreasonable risk of physical harm, emotional distress and foreseeable injury to Serrato.

55.  As a direct and proximate result of Fairlife LLC's negligence, Serrato suffered physical injury, pain, prolonged symptoms from delayed medical treatment, emotional distress, trauma, loss of earning capacity including loss of promotional opportunities and other economic and non-economic damages.

**Count 4 Negligence Per Se (OSHA violations as standard of care)**

56.  Serrato incorporates all preceding paragraphs.

57.  OSHA regulations establish the minimum standard of workplace safety.

58.  Fairlife, LLC violated multiple OSHA standards, including but not limited to:

   a.   29 CRF § 1910.212 (machine guarding)

7

    b. 29 CRF § 1910.147 (lockout/tagout)

    c. 29 CRF § 1910.151 (prompt medical care requirement)

59. These violations were willful as Fairlife LLC:

    a. Knew the equipment was defective

    b. Knew it had injured at least two other employees

    c. Continued using it without repair

    d. Refused to provide prompt medical care

60. Serrato belongs to the class of individuals OSHA regulations are designed to protect.

61. Serrato's injuries were the precise type of the regulations were intended to prevent.

62. Defendant's violation of OSHA standards constitutes negligence per se.

63. As a direct and proximate result, Serrato suffered physical injury, emotional trauma, lost wages, diminished earning capacity and other damages.

**Punitive damages**

64. Serrato incorporates all preceding paragraphs.

65. Fairlife, LLC acted with an evil mind, conscious disregard for Plaintiff's safety, and willful indifference to known hazards.

66. Arizona law allows punitive damages when an employer knowingly endangers an employee.

67. Fairlife, LLC's conduct, meets that standard.

68. Serrato seeks punitive damages in an amount ot punish and deter similar conduct.

**Requested Relief**

Plaintiff requests:

    a. Compensatory damages

    b. Lost wages and earning capacity

    c. Emotional distress damages

    d. Punitive damages

    e. Attorney's fees where allowed

    f. Pre and post judgment interest

All other relief the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

Respectfully submitted this January 2, 2026

/s/ Elizabeth D. Tate
_____
Elizabeth D. Tate

9